YEAGER'S FUEL, INC.; **Atlantic Oil and Heating Company; Mansfeld Fuel Oil Company; Deiter Brothers Fuel Company, Inc.; Ralph D. Weaver, Inc.; C.A. Lessig, Inc.; Harned Durham Oil Company, Inc.; Schwanger Brothers & Company, Inc.; Sico Company; Whitlock & Woerth, Inc.; Zongora Fuel, Inc.; Senick, Inc.; Carlos R. Leffler, Inc.; H. John Davis, Inc.; Arthur J. Ulrich, Inc.; Union Fuel Company; Guy Heavener, Inc.; Desousa Oil and Service Corp.; W.C. Reichenbach & Sons, Inc.; Apgar Oil Company, Inc.; and Freyman's Fuel Oil Company, Inc.**

v.

**PENNSYLVANIA POWER & LIGHT COMPANY.**

**LOSCH BOILER SALES & SERVICE, CO., Individually and on behalf of All Persons Similarly Situated**

v.

**PENNSYLVANIA POWER & LIGHT COMPANY.**

**Nos. 91–5176, 92–2359.**

United States District Court, E.D. Pennsylvania.

Jan. 21, 1993.

Wayne M. Thomas, Kohn, Savett, Klein & Graf, P.C. and David L. Pennington, Catherine Panchou Cox, Brian P. Kirby, and Robert Thomas Connor, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia,. PA, for plaintiffs.

Christopher C. Fennell, Jeffrey H. Howard, Crowell & Moring, Washington, DC, for defendant.

Harold E. Kohn, and Wayne M. Thomas, Kohn, Savett, Klein & Graf, P.C., Philadelphia, PA, for movants.

## MEMORANDUM

PADOVA, District Judge.

Plaintiffs move for reconsideration of the Order of September 8, 1992 and to supplement the record. For the following reasons, I will deny their motion.

On September 8, 1992, I filed an Opinion and entered an Order in this consolidated action granting summary judgment in favor of defendant as to all antitrust claims, dismissing the RICO claims in *Yeager's Fuel, Inc. v. Pennsylvania Power & Light Co.* and declining to exercise jurisdiction over the state law claims in *Losch Boiler Sales & Service v. Pennsylvania Power & Light Co.*, 804 F.Supp. 700 (E.D.Pa.1992).[1] Plaintiffs seek reconsideration of my entry of judgment in favor of defendant as to all antitrust claims because they have "been subjected to summary judgment following a truncated proceeding based upon a record which defendant prevented them from fully

---

1. At the request of defendant, I amended this Opinion and Order on October 5, 1992 to correct an error in the standard applied in my decision to decline jurisdiction over plaintiff's state law claims. This amendment does not affect the instant motion for reconsideration filed by plaintiffs.

developing." Memorandum of Law in Support of Motion for Reconsideration at 4.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986). Plaintiffs contend that I erred in not granting them additional discovery before entering summary judgment, and they submit several documents purported to be newly discovered evidence. I will address both points in turn.

### I. *Inadequate Discovery*

Plaintiffs' contention that summary judgment was granted on an incomplete record amounts to an assertion that they were provided with an inadequate opportunity to conduct discovery. The merits of this assertion can be assessed only in light of the proceedings leading up to my entry of summary judgment in favor of defendant.

On November 8, 1991, defendant moved under Fed.R.Civ.P. 12(b)(6) to dismiss the complaint in *Yeager.*[2] Defendant asserted a variety of theories in support of its motion but argued primarily that it was immune from antitrust liability under the state action doctrine, expressed by the U.S. Supreme Court in *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943). Because defendant included a number of materials outside the pleadings with its motion to dismiss, Judge Van Antwerpen, to whom this case had been originally assigned, converted defendant's motion into one for summary judgment. Concurrent with his conversion of this motion, Judge Van Antwerpen provided the *Yeager* plaintiffs with sixty days to conduct discovery "with all due speed," and ninety days to respond to the motion. *See* Order of January 22, 1992.

On May 1, 1992, the *Yeager* plaintiffs filed their response. On May 6, 1992, the *Yeager* plaintiffs filed a motion under Fed. R.Civ.P. 56(f) for additional time to conduct discovery, complaining that documents responsive to their discovery requests had not yet been examined. Defendant opposed this motion, arguing that the *Yeager* plaintiffs had been conducting discovery since September 1991, were dilatory in pursuing discovery, and had already submitted a 77 page brief in response to the motion for summary judgment, including approximately 1000 pages of exhibits. On May 28, 1992, oral argument was held via teleconference on the *Yeager* plaintiffs' motion for a continuance. During argument, counsel for the *Yeager* plaintiffs represented that they were adequately prepared to respond to defendant's state action defense, but felt that additional time was needed to conduct further discovery as to defendant's other assertions. On the basis of this representation and the fact that plaintiffs' had already consumed substantial time in conducting discovery, I denied the *Yeager* plaintiffs' motion for a continuance. *See* Order of May 29, 1992.

On June 8, 1992, the *Losch* plaintiff moved to consolidate its action with *Yeager.* On June 11, 1992, I entered an order, with the consent of the parties, consolidating *Yeager* and *Losch* for purposes of the pending motion for summary judgment in *Yeager.* The effect of that order was to treat the summary judgment motion and all responses filed in *Yeager* as if they were also filed in *Losch,* binding all parties in both cases to the Court's ruling. Additionally, at oral argument on the *Losch* plaintiff's motion to consolidate, counsel for the *Losch* plaintiff agreed to be bound by my ruling on the *Yeager* plaintiffs' motion for a continuance. *See* Transcript of Oral Argument of June 9, 1992 at 46.

My ruling on defendant's motion for summary judgment was subsequently entered on September 8, 1992. As to plaintiff's antitrust claims, I expressly confined my decision to defendant's contentions under the state action doctrine. *See Yeager's Fuel, Inc. v. Pennsylvania Power & Light Co.,* 804 F.Supp. 700, 702 n. 1 (E.D.Pa.1992) (amended Oct. 5, 1992). Plaintiffs' collective counsel now complain that they were not so well prepared and that this judg-

---

**2.** The *Losch* complaint was not filed until April 1992.

ment was the product of truncated proceedings. I reject counsels' characterization.

 Plaintiffs' counsel represented to the Court on May 28, 1992 that they were prepared to go forward with defendant's assertion of immunity from antitrust liability under the state action doctrine. As to plaintiffs' antitrust claims, my decision of September 8, 1992 was based exclusively upon the state action doctrine. Thus plaintiffs cannot now complain that they were prevented from taking adequate discovery. Accordingly, I conclude that plaintiffs have identified no error of law present in my Opinion and Order of September 8, 1992 that would justify reconsideration.[3]

## II. *New Evidence*

Since May 28, 1992, plaintiffs have conducted extensive additional discovery while the Court considered defendant's motion for summary judgment. By September 8, 1992, plaintiffs contend that they reviewed 100 additional boxes of defendant's documents. From these boxes, plaintiffs have culled and submitted with their motion for reconsideration 37 documents that, presumably, constitute new evidence justifying reconsideration of my Opinion and Order of September 8, 1992.

 "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *See Zlotnicki,* 779 F.2d at 909. Fourteen of plaintiffs' 37 documents (Exhibit Numbers 4–11, 16, 21, 25, 26, 28 and 35) are not newly discovered in that they were available to plaintiffs through discovery at least one month prior to the submission of their response to defendant's motion for summary judgment. *See* Affidavit of Sean Rogers, Exhibit A to Defendant's Brief in Opposition to Plaintiffs' Motion for Reconsideration. Therefore, plaintiff cannot rely upon these exhibits.

 Even if these documents were properly before the Court, however, there is nothing new about their content or the

content of any of plaintiffs' other documents. Each has been offered to assert plaintiffs' previously argued assertions that (1) defendant's actions have had the effect of increasing market share rather than furthering a state policy, and (2) the state agency charged with regulating defendant has made a mistake in the way in which it has regulated defendant's actions. *See* Reply by Plaintiffs' to Defendant's Motion for Summary Judgment/Motion to Dismiss and accompanying Exhibits. I rejected the relevance of these arguments in my Opinion of September 8, 1992. *Yeager's Fuel,* 804 F.Supp. at 706 n. 7. Accordingly, I conclude that plaintiffs have submitted no new evidence that calls into question the conclusions reached in my September 8, 1992 Opinion and Order.

In summary, plaintiffs have neither identified a manifest error of law nor submitted new evidence that would require reconsideration of my Opinion and Order of September 8, 1992. I will therefore deny their motion.

---

**3.** Except to complain about their opportunities for discovery, plaintiffs do not challenge in any other way the legal or factual conclusions

reached in my Opinion and Order of September 8, 1992.